FILED
2017 Apr-25  PM 04:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY** ) ) ) | |
| **Plaintiff,** ) ) | **Case Number:** |
| **FREIDA GARRETT, ISAIAH S. MCMILLIAN, AND DITECH FINANCIAL LLC,** ) ) ) ) | |
| **Defendants.** ) | |

## COMPLAINT IN INTERPLEADER

COMES NOW Plaintiff State Farm Fire and Casualty Company ("State Farm") and files this Complaint in Interpleader, as follows:

### PARTIES

1.     Plaintiff State Farm is an insurance company organized under the laws of the State of Illinois, with its principal place of business in Bloomington, Illinois.

2.     Upon information and belief, Defendant Freida Garrett ("Garrett") is an adult resident and citizen of the State of Alabama.

3.     Upon information and belief, Defendant Isaiah S. McMillian ("McMillian") is an adult resident and citizen of the State of Alabama.

4.     Upon information and belief, Defendant Ditech Financial LLC ("Ditech") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in St. Paul, Minnesota.

## JURISDICTION AND VENUE

5.      This proceeding is brought pursuant to Federal Rule of Civil Procedure 22.

6.      This court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1335 and is the appropriate venue for this action.

7.      Diversity of citizenship exists pursuant to 28 U.S.C. Sections 1332 and 1335.  State Farm is diverse from each Defendant.

8.      Garrett and Ditech, who have a potential interest in the proceeds made the basis of this Complaint in Interpleader, are diverse.

9.      The requisite amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.     State Farm files this Complaint in Interpleader because a dispute exists concerning the disbursement of $76,500.00 (the "Insurance Proceeds") pursuant to a contract of insurance between State Farm and Garrett.

11.      In light of the different interests of the policyholder, lienholder, and property owner, State Farm is unable at the present time to determine which individuals or entities may be entitled to the Insurance Proceeds.

12.     State Farm cannot pay the Insurance Proceeds without taking upon itself the responsibility of determining disputed questions of fact and law and exposing itself to the potential of double, multiple or inconsistent liability.

2

13.     State Farm will deposit with the Court $76,500.00, which represents the Net Actual Cash Value of the Coverage A – Dwelling Policy benefits for the fire loss that occurred on February 12, 2017.

## FACTUAL BACKGROUND

14.     State Farm issued a Manufactured Home Policy to Garrett on or about December 5, 2014 for a home located at 812 Childersburg Fayetteville Highway, Childersburg, Alabama (the "Property") for the policy period of December 5, 2016 to December 5, 2017. (*See* policy number 01BYB3829 attached hereto as Exhibit A).

15.     Garrett identified herself as the owner of the Property.  However, after the fire loss, State Farm learned that Garrett's father Isaiah McMillian is the sole owner of the Property and sole person listed on the Property deed.

16.     There is no mortgagee or lienholder identified on Garrett's original application for insurance.  (*See* Manufactured Home Application at Exhibit B). Thus, the policy was issued without naming Green Tree or its successor entity Ditech as lienholder.  However, Garrett has attested that she and her husband are the sole residents of the Property and Garrett pays the monthly mortgage note on the Property.

17.     The application identifies Green Tree as the "prior insurance carrier." Upon information and belief, Green Tree and Garrett's father, McMillian, entered

into a mortgage contract for the purchase price of the Property, with the Property serving as collateral to secure the loan.

18.     Upon information and belief, Green Tree Servicing merged with Ditech Mortgage Corporation effective August 31, 2015.

19.     On February 12, 2017, the Property suffered a total fire loss.  Defendant Garrett submitted a claim to State Farm for damages resulting from the fire, and State Farm determined that the loss was covered under the policy.

20.     Based on the extent of damage to the house and a claim repair estimate that State Farm prepared following an inspection of the Property, State Farm determined that the Net Actual Cash Value of the Coverage A benefits payable pursuant to the policy totaled $76,500.00, as shown on the estimate summary. (*See* State Farm estimate summary at Exhibit C).

21.     Upon information and belief, at the time of the loss by fire, McMillian was the sole owner of the Property.

22.     Upon information and belief, as of the date of the filing of this Complaint, the mortgage held by Ditech on the Property has not been discharged and released.  Further, on March 6, 2017, Ditech wrote to McMillian at the insured Property address asserting that the payoff on the mortgage was $27,108.80. (*See* Ditech payoff letter at Exhibit D).

23.     The State Farm contract of insurance provides dwelling coverage for the Property, subject to the terms and conditions of the policy, and provides in pertinent part as follows:

## SECTION I - CONDITIONS

9.      **Loss Payment**.  We will adjust all losses with you.  We will pay you unless some other person is named in the policy <u>or is legally entitled to receive payment</u>.  Loss will be payable 60 days after we receive your proof of loss and: . . .

(underlined emphasis added).

11.     **Lienholder Clause**.  The word "lienholder" includes trustee.

    a.      If a lienholder is named in this policy, any loss payable under Coverage A shall be paid to the lienholder and you, as interests appear.  If more than one lienholder is named, the order of payment shall be the same as the order of precedence of the liens.

    b.      If we deny your claim, that denial shall not apply to a valid claim of the lienholder, if the lienholder: . . . .

    e.      Subrogation shall not impair the right of the lienholder to recover the full amount of the lienholder's claim.

*See* Ex. A at pg 15.

24.     Upon information and belief, Garrett disputes that Ditech is entitled to any portion of the Insurance Proceeds.[1]  State Farm is unable at the present time to determine whether Ditech may be entitled to a portion of the Insurance Proceeds.

---

[1] Ditech secured a policy of insurance on the Property with American Bankers Insurance Company of Florida that presumably identifies McMillian as policyholder and Ditech as lienholder.

## COUNT I – INTERPLEADER

25.     State Farm re-alleges and incorporates by reference paragraphs 1 - 24 as if fully set forth herein.

26.     State Farm is desirous of paying the Insurance Proceeds, but because of the potential competing claims to said proceeds State Farm cannot make payment of the proceeds without the possibility of incurring double, multiple, or inconsistent liability.

27.     State Farm files this Complaint in Interpleader in order to fulfill its obligation under the insurance policy and to allow Defendants to establish claims with respect to the insurance policy proceeds. State Farm makes no claim to the funds, except for an award of court costs.

28.     Accordingly, pursuant to Federal Rule of Rule of Civil Procedure 22, State Farm respectfully asks this to Court to allow it to deposit with the Court the sum of $76,500.00 for the Defendant claimants to establish their claim, if any, to the insurance policy proceeds, and for the Court to adjudicate the Defendants' respective rights to the proceeds.

29.     In the absence of the relief sought herein, State Farm may be exposed to vexation and expense of litigation or resisting adverse claims from more than one

---

American Bankers has denied coverage for the loss based on the existence of the State Farm policy of insurance, though the State Farm policy does not "name" Ditech as lienholder.  (*See* American Bankers Denial Letter at Exhibit E).

claimant if it pays the proceeds to Garrett directly because one or more Defendants to this interpleader action may be legally entitled to receive the proceeds.

WHEREFORE, PREMISES CONSIDERED, State Farm respectfully requests the following relief:

a.    That the process of this Court be issued to Defendants as provided by law and the Rules of this Court requiring Defendants to appear and answer this Complaint and interplead their various claims to the aforesaid insurance proceeds;

b.    That this Court enter an Order directing the Clerk to accept the interpleaded funds and deposit same in the Court's registry. (A Motion and Proposed Order is attached).

c.    That this Court enter an Order Discharging State Farm from any and all further liability with respect to any payment obligations under the policy of insurance related to the Coverage A dwelling claim at issue.

d.    That this Court enter an Order requiring Defendants to interplead and settle among themselves their respective claims, if any, to the interpleaded funds under the policy.

e.    That this Court enter an Order Enjoining Defendants from bringing other claims against State Farm in relation to these Coverage A dwelling insurance proceeds.

     f.     That this Court enter an Order Awarding State Farm the court costs it incurred in relation to the filing of this complaint.

     g.     Any other relief that this Court deems equitable and necessary.

DONE this _26th_ day of April, 2017.

Respectfully Submitted,

*Latanishia D. Watters*
*Attorney for Plaintiff State Farm*
*Fire and Casualty Company*

**OF COUNSEL:**
Hand Arendall
1801 5th Avenue North,
Suite 400
Birmingham, AL 35203
Telephone: 205-324-4400
Facsimile:  205-322-1163
E-Mail: lwatters@handarendall.com

**PLEASE SERVE DEFENDANTS AT:**

Freida Garrett
812 Childersburg Fayetteville Highway
Childersburg, AL 35044-8602

Isaiah S. McMillian
P.O. Box 168
Childersburg, AL  35044

Ditech Financial LLC
through its registered agent:

C. T. Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104